UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
:
RAJ PLASTIC SURGERY, LLC, *et al.,*  : Case No. 1:20-cv-00751
:
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc No. 10]
KELLY RAJ, *et al.*, :
:
Defendants. :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 18, 2020, Defendant Kelly Raj moved to strike or seal portions of the Complaint and to place the motion's supporting memorandum under seal.[1] Plaintiffs opposed.[2] Defendant replied and filed a supplement.[3]

For the following reasons, the Court **DENIES** Defendant Kelly Raj's motion.

I.  Discussion

Plaintiffs, Joyesh Raj and his solely-owned medical practice, Raj Plastic Surgery, LLC, sue Defendant Kelly Raj, Plaintiff Joyesh Raj's ex-wife of, and several unnamed co-conspirators.[4] In short, Plaintiffs say that Defendant Kelly Raj accessed the medical practice's computer systems without permission.[5] In the complaint, Plaintiffs reference criminal proceedings against Defendant stemming from the same incidents.[6]

---

[1] Doc. 10.
[2] Doc. 13.
[3] Docs. 17 and 20.
[4] Doc. 1.
[5] *Id.*
[6] *Id.*

Case No.1:20-cv-00751
Gwin, J.

Defendant Kelly Raj says that Plaintiff Joyesh Raj is using the instant case to smear her reputation in the aftermath of their acrimonious divorce.[7] She seeks to (1) strike or seal complaint paragraphs 20 and 76; (2) strike the complaint's "Exhibit G" for its failure to redact personal identifiers; and (3) seal her motion's supporting memorandum.[8] The Court addresses each issue in turn.

1. **Paragraphs 20 and 76**

Defendant seeks to strike complaint paragraphs 20 and 76. Both paragraphs say that Defendant was charged and convicted under O.R.C. § 2913.04(B) and that Defendant never revealed to the police who her co-conspirators were.[9] Paragraph 20 also contains allegations that Defendant never revealed whether her co-conspirators could still access Plaintiffs' computer systems.[10] It also says that the state court did not enjoin Defendants from engaging in the same criminal conduct in the future and that the risk of Defendants' future attacks on Plaintiffs' computer systems remains.[11]

Defendant says that the complaint's allegations regarding her conviction are false.[12] She says that she was charged with a fifth-degree felony violation of O.R.C. § 2913.04(B), but the charge was amended to a misdemeanor violation of the same statute.[13] Following a no contest plea and her completion of pre-trial diversion, Defendant Kelly Raj says that the

---

[7] Doc. 10-1 at 1.
[8] Doc. 10.
[9] Doc. 1 at 7, 22.
[10] *Id.* at 7.
[11] *Id.*
[12] Doc. 10-1 at 2-3.
[13] *Id.*

-2-

Case No.1:20-cv-00751
Gwin, J.

state court dismissed the misdemeanor charge and sealed the records pertaining to both the felony and misdemeanor charges.[14]

Defendant asks the Court to strike or seal the statements in the complaint that incorrectly say that Defendant was convicted under O.R.C. § 2913.04(B). Defendant argues that the allegations may prejudice her in the present action and that she will suffer reputational harm if the statements remain in the public record.[15] She also says the allegations pose a risk to her medical career.[16] She characterizes Plaintiffs' inclusion of the allegations, which she says her ex-husband, Plaintiff Joyesh Raj, knew were false, as "an improper attempt to drag Kelly's name through the mud and smear her reputation" in retaliation for their divorce proceedings.[17]

The Court has discretion to strike any "redundant, immaterial, impertinent, or scandalous matter."[18] "An allegation may be stricken for being immaterial only when it bears no possible relationship to the controversy."[19] However, "[t]he falsity of a matter alleged is not specifically included among the grounds for a motion to strike" so the Court must "proceed cautiously in considering a motion to strike based on the untruthfulness of a statement."[20] "[E]ven if an allegation is deemed to be untrue, that does not mean it must be

---

[14] Docs. 10-1 at 3 and 20 at 1.
[15] Doc. 10-1 at 3.
[16] *Id.*
[17] *Id.*
[18] Fed. R. Civ. P. 12(f).
[19] *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011).
[20] *Id.*

Case No.1:20-cv-00751
Gwin, J.

stricken."[21]  "Motions to strike should be granted only where the pleading contains allegations which are obviously false and clearly injurious to a party."[22]

The statement Defendant Kelly Raj complains of is material to this action wherein Plaintiffs seek redress for the same incidents underlying the criminal charges.  And though Defendant Kelly Raj says she was never actually convicted because the charges were dismissed after her completion of pre-trial diversion, the Court finds that the allegation that she was convicted, which appears only twice in the complaint, is not so "extreme or offensive" as to justify striking paragraphs from the complaint, especially given that Federal Rule of Civil Procedure 12(f) does not explicitly grant this Court discretion to strike an allegation for falsity.[23]

For similar reasons, the Court declines to seal the two complaint paragraphs.  There is a "strong presumption in favor of openness" of court records and [o]nly the most compelling reasons can justify non-disclosure of judicial records."[24]  The burden of overcoming that presumption is borne by the party that seeks to seal the records.[25]  This party must show that "disclosure will work a clearly defined and serious injury."[26]  Only "'trade secrets, information covered by a recognized privilege . . . and information required

---

[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) and *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).
[25] *Id.*
[26] *Id.* at 307 (citing *In re Cedent Corp.*, 260 F.3d 183 at 194 (3d Cir. 2001)).

-4-

Case No.1:20-cv-00751
Gwin, J.

by statute to be maintained in confidence . . .' is typically enough to overcome the presumption of access."[27]

Defendant Kelly Raj has not met the burden of showing that a clearly defined and serious injury will result from the two complaint paragraphs remaining public. "[H]arm to one's reputation or injury to one's standing in the community does not warrant a deviation from the strong presumption of public access."[28]

Defendant also argues that because the state court sealed her criminal records the criminal proceedings "are considered not to have occurred" and allowing them to be referenced in this Court defeats the state court's purpose in sealing the records.[29] However, striking or sealing the references to Defendant's criminal cases pursuant to that rationale "would be tantamount to permitting a state court to override a federal court's power and discretion to maintain its own records."[30] Therefore, the Court declines to strike or seal the complaint paragraphs under this rationale.

The Court finds that neither the state court's sealing of the criminal proceedings, nor the potential harm to Defendant's reputation is enough to overcome the public's strong interest in open access to judicial records.

---

[27] *Id.* at 308 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).
[28] *Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 3644115, at *3 (S.D. Ohio Oct. 28, 2009).
[29] Doc. 10-1 at 4.
[30] *Karl*, 2009 WL 3644115, at *4 (stating that sealing federal court documents because they had been previously sealed by a state court was "untenable" reasoning rejected by several courts).

Case No.1:20-cv-00751
Gwin, J.

Defendant's request to strike or seal complaint paragraphs 20 and 76 is therefore **DENIED**.

### 2. Exhibit G

Defendant Kelly Raj argues that complaint Exhibit G should be sealed because it contains personal identifiers.[31]

Federal Rule of Civil Procedure 5.2 requires redaction of individuals' birth dates in electronic court filings. But correcting a failure to redact such information does not require placing the exhibit under seal, as Defendant suggests. The Court will require the redaction of Defendant Kelly Raj's birth date from Exhibit G but will not seal it to conceal such information.

In her reply brief, Defendant suggests for the first time that the Court should strike Exhibit G because "it is an official record of a sealed case."[32] However, Defendant has waived her sealed-record argument by failing to raise it previously.[33] And even if the Court were to consider this argument, the Court finds that, for the reasons stated above, a state court's sealing order is not enough to overcome the public's interest in judicial records.

The Court **DENIES** Defendant's request to seal the entirety of Exhibit G due to the improperly included birthdate, but orders Plaintiff to refile with the necessary redactions of Defendant's personal information.

---

[31] Doc. 10-1 at 6.
[32] Doc. 17 at 4-5.
[33] *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) (declining to consider arguments raised for the first time in a reply brief).

Case No.1:20-cv-00751
Gwin, J.

### 3. Supporting Memorandums

Defendant Kelly Raj requests that the memorandums associated with the instant motion discussing Defendant's criminal charges also be sealed.  As discussed above, the Court finds that Defendant has not met the requisite burden to justify the Court's sealing the criminal allegations.  For this reason, the Court finds that the parties' briefings which discuss the allegations should also remain publicly accessible and that Defendant has not met the high burden to justify restricting access to judicial records.

The Court also **DENIES** Defendant's request to place the supporting memorandums under seal.

## II. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to strike or seal complaint paragraphs 20 and 76, **DENIES** Defendant's motion to seal Exhibit G, and **DENIES** Defendant's motion to seal the supporting memorandum.  Plaintiffs are ordered to refile Exhibit G with impermissible person information redacted.

IT IS SO ORDERED.

Dated:  August 10, 2020                                 *s/         James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE